**Query**   **Reports**   **Utilities**   **Help**   **What's New**   **Log Out**

E.D. OF PA. CASE #20cr247 - FILE                              CLOSED,EFILE

# U.S. District Court
## District of Connecticut (New Haven)
## CRIMINAL DOCKET FOR CASE #: 3:16-cr-00158-JAM All Defendants

| | |
|---|---|
| Case title: USA v. Biagi | Date Filed: 08/26/2016 |
| | Date Terminated: 01/26/2017 |

Assigned to: Judge Jeffrey A. Meyer

### Defendant (1)

| | | |
|---|---|---|
| **Debra Biagi**<br>*TERMINATED: 01/26/2017* | represented by | **Tracy Hayes**<br>Federal Public Defender's Office - NH<br>265 Church St., Suite 702<br>New Haven, CT 06510-7005<br>203-498-4200<br>Fax: 203-498-4207<br>Email: tracy_hayes@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>Designation: Public Defender |

| **Pending Counts** | **Disposition** |
|---|---|
| FRAUD BY WIRE, RADIO, OR TELEVISION<br>(1) | Defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 48 months; supervised release for a total term of 3 years; special assessment of $100.00 shall be paid immediately; restitution of $711,074.39. Restitution payments shall be made upon release, on a monthly basis at a rate of no less than $250.00 per month. Defendant shall surrender on 3/6/2017 at noon. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

## Highest Offense Level (Terminated)

None

## Complaints        Disposition

None

---

## Plaintiff

**USA**     represented by    **Christopher W. Schmeisser**
U.S. Attorney's Office-NH
157 Church St., 25rd floor
New Haven, CT 06510
203-821-3754
Fax: 203-773-5376
Email: Christopher.Schmeisser@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/26/2016 | 1 | INFORMATION as to Debra Biagi (1) count 1. (Gutierrez, Y.) (Entered: 08/29/2016) |
| 08/26/2016 | 2 | WAIVER OF INDICTMENT by Debra Biagi (Gutierrez, Y.) (Entered: 08/29/2016) |
| 08/26/2016 | 3 | Minute Entry for proceedings held before Judge Jeffrey A. Meyer:Waiver/Plea Hearing, Initial Appearance and Bond Hearing as to Debra Biagi held on 8/26/2016, Plea entered by Debra Biagi (1) Guilty Count 1. Personal Recognizance Bond set. ( Sentencing set for 11/21/2016 at 10:00 AM in Courtroom Three, 141 Church St., New Haven, CT before Judge Jeffrey A. Meyer) Total Time: 1 hours and 1 minutes(Court Reporter Diana Huntington.) (Gutierrez, Y.) (Entered: 08/29/2016) |
| 08/26/2016 | 4 | PLEA AGREEMENT as to Debra Biagi (Gutierrez, Y.) (Entered: 08/29/2016) |
| 08/26/2016 | 5 | ORDER OF REFERRAL TO PROBATION FOR PRESENTENCE INVESTIGATION AND REPORT as to Debra Biagi. First Disclosure-PSI due 10/10/2016; Objections Due 10/24/2016; 2nd-Disclosure PSI due 11/3/2016; Defendant's Sentencing Memorandum due 11/7/2016; Government's Response due 11/14/2016. Sentencing set for 11/21/2016 at 10:00 AM in Courtroom Three, 141 Church St., New Haven, CT before Judge Jeffrey A. Meyer. Signed by Judge Jeffrey A. Meyer on 8/26/2016. (Gutierrez, Y.) (Entered: 08/29/2016) |
| 08/26/2016 | 6 | |

|  |  |  |
|---|---|---|
|  |  | Personal Recognizance Bond Entered as to Debra Biagi (Gutierrez, Y.) Modified to add correct filed date on 8/29/2016 (Gutierrez, Y.). (Entered: 08/29/2016) |
| 08/26/2016 | 7 | ORDER Setting Conditions of Release as to Debra Biagi Signed by Judge Jeffrey A. Meyer on 8/26/2016. (Gutierrez, Y.) (Entered: 08/29/2016) |
| 08/26/2016 | 9 | ELECTRONIC FILING ORDER as to Debra Biagi - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Jeffrey A. Meyer on 8/26/2016. (Gutierrez, Y.) (Entered: 08/30/2016) |
| 08/29/2016 | 8 | SENTENCING SCHEDULING ORDER as to Debra Biagi. PSI due 10/10/2016; Objection due 10/24/2016; 2nd PSI due 11/3/2016; Defendant's Sentencing Memorandum due 11/7/2016; Government's Response due 11/14/2016 Sentencing set for 11/21/2016 at 10:00 AM in Courtroom Three, 141 Church St., New Haven, CT before Judge Jeffrey A. Meyer. Signed by Judge Jeffrey A. Meyer on 8/26/2016. (Gutierrez, Y.) (Entered: 08/29/2016) |
| 10/02/2016 | 10 | First MOTION to Continue *Sentencing* by Debra Biagi. (Hayes, Tracy) (Entered: 10/02/2016) |
| 10/03/2016 | 11 | ORDER granting 10 Motion to Continue Sentencing as to Debra Biagi (1). Signed by Judge Jeffrey A. Meyer on 10/3/2016. (Gutierrez, Y.) (Entered: 10/03/2016) |
| 10/05/2016 | 12 | SENTENCING SCHEDULING ORDER as to Debra Biagi. PSI due 12/12/2016; Objection due 12/26/2016; 2nd PSI due 1/5/2017; Defendant's Sentencing Memorandum due 1/12/2017; Government's Response due 1/17/2017. Sentencing set for 1/23/2017 at 10:00 AM in Courtroom Three, 141 Church St., New Haven, CT before Judge Jeffrey A. Meyer. Signed by Judge Jeffrey A. Meyer on 10/5/2016. (Gutierrez, Y.) (Entered: 10/05/2016) |
| 10/05/2016 | 13 | ORDER OF REFERRAL TO PROBATION FOR PRESENTENCE INVESTIGATION AND REPORT as to Debra Biagi. First Disclosure-PSI due 12/12/2016; Objections Due 12/26/2016; 2nd-Disclosure PSI due 1/5/2017; Defendant's Sentencing Memorandum due 1/12/2017; Government's Response due 1/17/2017. Sentencing set for 1/23/2017 at 10:00 AM in Courtroom Three, 141 Church St., New Haven, CT before Judge Jeffrey A. Meyer. Signed by Judge Jeffrey A. Meyer on 10/5/2016. (Gutierrez, Y.) Entry Modified to correct sentencing date on 10/5/2016 (Gutierrez, Y.). (Entered: 10/05/2016) |
| 10/06/2016 | 14 | SEALED CJA 23 Financial Affidavit by Debra Biagi (Gutierrez, Y.) (Entered: 10/18/2016) |
| 10/06/2016 | 15 | SEALED BAIL INFORMATION SHEET by Debra Biagi (Gutierrez, Y.) (Entered: 10/18/2016) |
| 12/01/2016 | 16 |  |

| | | |
|---|---|---|
| | | PRESENTENCE INVESTIGATION REPORT (Draft Report) *(SEALED - government and defense counsel)* as to Debra Biagi. (available to USA, Debra Biagi) (Attachments: # 1 Information, # 2 Plea Agreement)(Montesi, J) (Entered: 12/01/2016) |
| 12/29/2016 | 17 | SENTENCING SCHEDULING ORDER as to Debra Biagi. Sentencing set for 1/20/2017 at 3:00 PM in Courtroom Three, 141 Church St., New Haven, CT before Judge Jeffrey A. Meyer.<br>Signed by Judge Jeffrey A. Meyer on 12/29/2016. (Gutierrez, Y.) (Entered: 12/29/2016) |
| 12/30/2016 | 18 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED - government and defense counsel)* as to Debra Biagi. (available to USA, Debra Biagi) (Attachments: # 1 Addendum)(Montesi, J) (Entered: 12/30/2016) |
| 12/30/2016 | 19 | Sealed Sentencing Recommendation: as to Debra Biagi (Montesi, J) (Entered: 12/30/2016) |
| 01/12/2017 | 20 | Sealed Document: Letters by USA as to Debra Biagi. (Levenson, C.) (Entered: 01/12/2017) |
| 01/13/2017 | 21 | SENTENCING MEMORANDUM by Debra Biagi (Hayes, Tracy) (Entered: 01/13/2017) |
| 01/17/2017 | 22 | SENTENCING MEMORANDUM by Debra Biagi (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Hayes, Tracy) (Entered: 01/17/2017) |
| 01/18/2017 | 23 | SENTENCING MEMORANDUM by USA as to Debra Biagi (Attachments: # 1 Exhibit Schedule A, # 2 Exhibit Tab A, # 3 Exhibit Tab B)(Schmeisser, Christopher) (Entered: 01/18/2017) |
| 01/19/2017 | 24 | SENTENCING MEMORANDUM by Debra Biagi (Attachments: # 1 Exhibit K, # 2 Exhibit L)(Hayes, Tracy) (Entered: 01/19/2017) |
| 01/19/2017 | 25 | SENTENCING MEMORANDUM by Debra Biagi (Hayes, Tracy) (Entered: 01/19/2017) |
| 01/20/2017 | 26 | Minute Entry for proceedings held before Judge Jeffrey A. Meyer:Sentencing as to Debra Biagi held on 1/20/2017. Total Time: 3 hours and 28 minutes(Court Reporter Diana Huntington.)(Gutierrez, Y.) (Entered: 01/23/2017) |
| 01/20/2017 | 27 | Sentencing Marked Exhibit List by USA, Debra Biagi as to Debra Biagi (Gutierrez, Y.) (Entered: 01/23/2017) |
| 01/23/2017 | 28 | PRESENTENCE INVESTIGATION REPORT (Supplement) *(SEALED - government and defense counsel)* as to Debra Biagi. (available to USA, Debra Biagi) (Attachments: # 1 Financial Information)(Montesi, J) (Entered: 01/23/2017) |
| 01/24/2017 | 29 | Instrument Returned. Government's Exhibit Returned as to Debra Biagi. (Gutierrez, Y.) (Entered: 01/24/2017) |
| 01/24/2017 | 30 | |

| | | |
|---|---|---|
| | | Instrument Returned. Defendant's Exhibit Returned as to Debra Biagi. (Gutierrez, Y.) (Entered: 01/24/2017) |
| 01/25/2017 | 31 | Statement of Reasons *(SEALED - government and defense counsel)* as to Debra Biagi. (available to USA, Debra Biagi) (Montesi, J) (Entered: 01/25/2017) |
| 01/26/2017 | 32 | JUDGMENT as to Debra Biagi (1), Count 1, Defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 48 months; supervised release for a total term of 3 years; special assessment of $100.00 shall be paid immediately; restitution of $711,074.39. Restitution payments shall be made upon release, on a monthly basis at a rate of no less than $250.00 per month. Defendant shall surrender on 3/6/2017 at noon. (Restitution Order due by 4/26/2017).<br>Signed by Judge Jeffrey A. Meyer on 1/26/2017. (Gutierrez, Y.) (Entered: 01/26/2017) |
| 01/26/2017 | | JUDICIAL PROCEEDINGS SURVEY: The following link to the confidential survey requires you to log into CM/ECF for SECURITY purposes. Once in CM/ECF you will be prompted for the case number. Although you are receiving this survey through CM/ECF, it is hosted on an independent website called SurveyMonkey. Once in SurveyMonkey, the survey is located in a secure account. The survey is not docketed and it is not sent directly to the judge. To ensure anonymity, completed surveys are held up to 90 days before they are sent to the judge for review. We hope you will take this opportunity to participate, please click on this link:<br><br>https://ecf.ctd.uscourts.gov/cgi-bin/Dispatch.pl?crsurvey<br>(Gutierrez, Y.) (Entered: 01/26/2017) |
| 01/31/2017 | 33 | RESTITUTION ORDER as to Debra Biagi<br>Signed by Judge Jeffrey A. Meyer on 1/31/2017. (Gutierrez, Y.) (Entered: 01/31/2017) |
| 08/05/2017 | 34 | NOTICE as to Debra Biagi. The Court received the attached letter from Ms. Biagi.<br>Signed by Judge Jeffrey A. Meyer on 8/5/2017. (Levenson, C.) (Entered: 08/05/2017) |
| 08/31/2020 | 35 | Probation Jurisdiction Transferred to Eastern District of Pennsylvania as to Debra Biagi.(Freberg, B) (Entered: 09/01/2020) |
| 08/31/2020 | 36 | Notice to Eastern District of Pennsylvania of a Transfer of Jurisdiction as to Debra Biagi; Your case number is: 20-247. Docket sheet attached. The clerk will transmit restricted documents via email. If you require a copy of the financial ledger, please email your request to Finance@ctd.uscourts.gov. (If you require certified copies of any documents, please send a request to InterdistrictTransfer_CTD@ctd.uscourts.gov.) (Freberg, B) (Entered: 09/01/2020) |

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2016 AUG 26 AM 11:58
U.S. DISTRICT COURT
NEW HAVEN, CT.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:16cr158(JAM) |
| v. | : | 18 U.S.C. Section 1343 (Wire Fraud) |
| DEBRA BIAGI | : | |

INFORMATION

The United States Attorney charges:

The Defendant and the Victims

1. At all times relevant to this Information, the defendant DEBRA BIAGI lived and worked in Connecticut. BIAGI was employed by HB Nitkin Group ("the Company") as a key assistant to the Chairman of the Company and was responsible for managing, among other things, the accounts payable for the Company.

2. HB Nitkin Group is a privately owned business, engaged in real estate management and development projects with its principal place of business in Greenwich, Connecticut. The Company oversees and manages a portfolio of limited liability corporations ("LLCs") or limited partnerships ("LPs"), with each separate entity comprising a distinct real estate development project. Such LLCs and LPs include Cromwell Square Partners LP, Danbury-Newtown LLC, Glastonbury Somerset LLC, HBNI Orange LLC, Lockworks Square LP, Post Hill LP, Southport Post Road LP, and Westport Post Road LLC.

3. Key Company individuals and members of their families and related entities

1

retained financial and banking information at the Company. Those individuals, family members, and entities include AWN Family LLC, SLN Family LLC, and individuals with initials H.N. and B.W.

4. The HB Nitkin Group and related entities and other individuals noted above in paragraphs 2 and 3 are hereinafter collectively referred to as the "Victims."

## Scheme to Defraud the Victims

5. During all relevant times, BIAGI used her position at the Company to engage in a scheme to defraud the Victims by various material misrepresentations and omissions, as described in the paragraphs that follow. In her role of overseeing the accounts payable and the issuance of checks for the Company and Victims, and as an otherwise trusted key employee for the Company and related entities, BIAGI had access to the financial and checking information, including checkbooks, of the HB Nitkin Group and the other Victims. She also owed a fiduciary duty to her employer and yet omitted disclosing to her employer the material facts of her ongoing illegal conduct and acts of deception. During the course of her scheme, BIAGI defrauded the Victims out of more than $711,000.

6. During the relevant time and to further her scheme, BIAGI would create fraudulent invoices made out to fictitious companies, including sufficient false information on the invoices to suggest that the invoices were legitimate, detailing charges for items like masonry, carpentry, electrical and plumbing work. BIAGI would misappropriate the checkbooks of the Victims and then make checks out to fictitious companies as the payees, purportedly to pay the fraudulent invoices. To keep track of which invoices were fictitious and which checks were made to fictitious companies, BIAGI would often include her initials "DB" in the fabricated company name

2

listed on the invoice and check. BIAGI would then further note the fictitious company as the payee in the relevant accounting records of the Victims and would file the fabricated invoices as business records to paper the file.

7. BIAGI would also, as needed, misappropriate the signature stamp of the Company's Chairman which BIAGI used to "sign" the misappropriated checks and to falsely suggest that the paid expenditure was both legitimate and authorized. BIAGI would deposit the relevant checks into her own personal bank account, at times endorsing the check with an illegible signature to further hide her misconduct. She would subsequently withdraw the monies for her personal use.

8. In addition to the above-described conduct, BIAGI would also simply misappropriate checks from the Victims, including taking legitimate checks made out to the Victims and intended for deposit into certain accounts held by the Victims. Rather than depositing the items as directed, BIAGI would simply write the checks to "Cash" and then deposit the monies into her own account.

## COUNT ONE
(Wire Fraud)

9. Paragraphs 1-8 are incorporated by reference as if stated in full herein.

10. From in or about February 2014 through on or about December 31, 2015, in the District of Connecticut and elsewhere, the defendant DEBRA BIAGI knowingly, willfully and with intent to defraud, devised and intended to devise a scheme and artifice to defraud the Victims by means of materially false and fraudulent pretenses, representations and promises, which scheme and artifice is in substance set forth in Paragraphs 5-8 above.

3

11. As a result of the scheme, BIAGI exposed the Victims to a risk of loss and, in fact, the Victims suffered significant losses.

### The Execution of the Scheme and Artifice to Defraud

12. On or about July 15, 2014, in the District of Connecticut and elsewhere, having devised and intended to devise a scheme and artifice to defraud the Victims by obtaining money and property by means of materially false and fraudulent pretenses, representations and promises as set forth in Paragraphs 5-8 above, and for the purpose of executing such aforementioned scheme and artifice, BIAGI caused the transmission of certain items by means of wire communications in interstate commerce, namely, by the processing of check No. 4990 from the Southport Post Road LP (paid on a fraudulent invoice made out to fictitious payee company of "D & B") for $3,035.36, which BIAGI deposited at the Chase Bank in Greenwich, Connecticut, and such check was duly negotiated by wire from the State of Connecticut through the Federal Reserve system outside of the State of Connecticut to permit funds to be transferred from a Victim's account to BIAGI's personal bank account.

All in violation of Title 18, United States Code, Section 1343.

UNITED STATES OF AMERICA

_____
DEIRDRE DALY
UNITED STATES ATTORNEY

_____
CHRISTOPHER W. SCHMEISSER
ASSISTANT UNITED STATES ATTORNEY

4

# UNITED STATES DISTRICT COURT
## District of Connecticut

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| v. | CASE NO.: 3:16-cr-00158-JAM-1 |
| | USM NO: 24998-014 |
| **Debra Biagi** | |
| | **Christopher W. Schmeisser** |
| | Assistant United States Attorney |
| | |
| | **Tracy Hayes** |
| | Defendant's Attorney |

**THE DEFENDANT:** pled guilty to count(s) 1 of the Information.

Accordingly the defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Offense Concluded | Count(s) |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | December 31, 2015 | 1 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 48 months on count 1.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of 3 years on count 1. The Mandatory and Standard Conditions of Supervised Release as attached are imposed. In addition, the following Special Conditions are imposed:

(1) The defendant shall participate in an educational and/or vocational services program and follow the rules and regulations of that program. Such programs may include, but are not limited to, high school equivalency preparation, job readiness training and skills development.
(2) The defendant shall participate in a program recommended by the United States Probation Office for mental health treatment. The defendant shall pay all or a portion of costs associated with treatment based on the defendant's ability to pay as recommended by the probation officer and approved by the Court.
(3) The defendant shall not incur new credit card charges or open additional lines of credit without the permission of the probation officer until the defendant's criminal debt obligation is paid. The defendant shall not add any new names to any lines of credit, shall not be added as a secondary card holder on another's line of credit, and shall provide the

probation officer with electronic access to any online management of any lines of credit, including lines of credit for businesses/LLCs that are owned, operated or otherwise associated with a defendant.
(4) You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The United States Probation Office may share financial information with the U.S. Attorney's Office.
(5) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, with the Court's approval, require you to notify the person or organization about the risk and you must comply with that instruction. The probation officer may contact the person or organization and confirm that you have notified the person about the risk.
(6) The defendant must pay any restitution that is imposed by this judgment in a lump sum immediately. If you are unable to pay the full balance in a lump sum, any remaining balance is payable at a rate of not less than $250 per month or 10% of your gross monthly income, whichever is greater. The monthly payment schedule may be adjusted based on your ability to pay as determined by the probation officer and approved by the Court.

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments (as follows) or (as noted on the restitution order).

| | |
|---|---|
| **Special Assessment:** | $100.00 on count 1 to be paid immediately |
| **Fine:** | $ |
| **Restitution:** | $ 711,074.39. Restitution order to follow. Subject to revision under government's statutory right to amend. See special conditions of supervised release as to restitution. |

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

The following counts have been dismissed:

**JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS**

The Court recommends that the defendant be designated to Federal Correctional Institution Danbury.

The defendant shall surrender at the Institution designated by the Bureau of Prisons or as directed by the United States Marshal on March 6, 2017, at 12:00 noon.

January 20, 2017
Date of Imposition of Sentence

/s/   Jeffrey A. Meyer

United States District Judge
Date:  January 26, 2017

# CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

(1)  You must not commit another federal, state or local crime.

(2)  You must not unlawfully possess a controlled substance.

(3)  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4)  ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(5)  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(6)  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

## STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1)  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

(2)  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

(3)  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

(4)  You must answer truthfully the questions asked by your probation officer.

(5)  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(6)  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

(7)  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(8)  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

(9)  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

(10)  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

(11)  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

(12)  You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
     Defendant                     Date

     _____     _____
     U.S. Probation Officer/Designated Witness     Date

**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
   Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a
_____, with a certified copy of this judgment.

                         _____
                            Brian Taylor
                       Acting United States Marshal

                  By _____
                          Deputy Marshal

PROB22
(09/2013)

| | |
|---|---|
| **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)*<br>0205 3:16CR00158-001<br>DOCKET NUMBER *(Rec. Court)*<br>**20-247** |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Debra Biagi | CONNECTICUT | |
| | NAME OF SENTENCING JUDGE<br>Honorable Jeffrey A. Meyer, U.S. District Judge | |
| | DATES OF PROBATION/<br>SUPERVISED RELEASE: | FROM<br>07/31/2020 | TO<br>07/30/2023 |

OFFENSE
FRAUD BY WIRE - RADIO - OR TELEVISION

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE     DISTRICT OF CONNECTICUT

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. § 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Eastern District of Pennsylvania upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| August 14, 2020 | Jeffrey Alker Meyer |
|---|---|
| Date | United States District Judge |

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE    EASTERN    DISTRICT OF PENNSYLVANIA

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| 8/19/20 | /s/ Jeffrey L. Schmehl |
|---|---|
| Date | United States District Judge |

Print Form    Save As

Page 1 of 1